WILLIAM OSSENKOP, PLAINTIFF IN ERROR, v. PETER
AKESON, DEFENDANT IN ERROR.

**Judgment.**    An offer in writing, but without a signature, to permit
the plaintiff to take judgment for a specified sum and costs is
not sufficient.    It must be signed.

ERROR to the district court for Cass county.    Tried be-
low before POUND, J.

*Crites & Ramsay*, for plaintiff in error.

*George S. Smith* and *J. B. Strode*, for defendant in error.

MAXWELL, J.

The defendant brought an action in the county court of
Cass county to recover the sum of $65, with interest from

May 1st, 1882. On the trial of the cause the court rendered judgment in favor of Akeson for $65 and costs. Ossenkop then appealed to the district court, where judgment was rendered against him for the sum of $14.60. And the court being about to render judgment against him for costs he filed the following affidavit:

"State of Nebraska, }
  County of Cass.  }

"William Ossenkop, being duly sworn, on oath deposes and says that he is the defendant in the above entitled action; that on the sixth day of June, A.D. 1882, at Mt. Pleasant precinct, in said county, he personally served on said defendant the annexed notice, marked "A," by delivering to and leaving with said defendant a true copy and duplicate thereof, and further affiant saith not.

                                   "WILLIAM OSSENKOP.

"Subscribed in my presence and sworn to before me this nineteenth day of October, 1883.

                         "W. C. SHOWALTER, *Clerk.*"

"Ex. A.

"To Peter Akeson:

"I hereby offer you judgment against me in the sum of twenty dollars and costs to this time in the action now pending between us before Hon. J. W. Johnson, county judge of Cass county, Nebraska."

There is no signature to the offer, but below the copy in the record are the following words:

"Delivered to Peter Akeson, June 6th, 1882.

                                   "WILLIAM OSSENKOP."

No copy was filed in the county or district courts, nor was the matter brought to the attention of the district court except in the manner above indicated. The district court found that the offer was not sufficient, and rendered judgment against Ossenkop for the costs of the action.

Section 1004 of the code provides that, "if the defend-

ant at any time before trial offer in writing to allow judgment to be taken against him for a specified sum, the plaintiff may immediately have judgment therefor with the costs then accrued. But if he do not accept such offer before the trial, and fail to recover in the action a sum equal to the offer, he cannot recover costs accrued after the offer; but costs must be adjudged against him," etc.

This section is copied literally from sec. 109 of the code of Ohio, and was construed by the supreme court of that state in *Carpenter v. Kent*, 11 Ohio State, 554. In that case the agent of Carpenter, on the return day of the summons, read to the plaintiffs and filed with the justice the following, omitting the title:

"The defendants hereby tender to the plaintiffs a judgment in favor of said plaintiffs against said defendants of fifty dollars, with costs that have accrued up to this date.

"REASON CARPENTER,

"SAMUEL CARPENTER,

"DANIEL BREEDING,

"By JAMES M. STOUT, their agent.

"March 2, 1857."

This was held to be a good tender. See also *Adams v. Phifer*, 25 Ohio State, 301. But we are not aware of any case where it was held that an unsigned notice served upon the plaintiff at his residence was sufficient. The offer should be of such a character, that if the plaintiff saw fit to accept of it, he could file it in court and take judgment for the amount offered. That he could not do so in this case is evident. It does not even appear that the offer was in Ossenkop's handwriting. An offer of this kind, when made, should be filed with the justice, so that in case of an appeal it would be certified up. It cannot be given in evidence, and is merely in the nature of an offer to compromise by paying a certain sum and costs. The offer in the case under consideration would have been sufficient in form if duly signed by the defendant, as it does not appear

that any other case between the same parties was pending in the county court. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.